UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
WHITE PACIFIC SECURITIES, INC., et al.,

                Petitioners,

      -against-                                                              13 Civ. 8933 (LAK)

DANIEL GULAK,

                Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION**

Appearances:

> Christopher Mader
> Patrick Baldwin
> BALDWIN LAW GROUP
> *Attorneys for Petitioners*

> Val D. Hornstein
> HORNSTEIN LAW OFFICES, PROF. CORP.
> *Attorneys for Respondent*

LEWIS A. KAPLAN, *District Judge.*

        This is an action to confirm an alleged arbitration award. Now pending before the Court are petitioners' motion to confirm the alleged award [DI 20], respondent's motions to dismiss the action and for Rule 11 sanctions [DI 9 and 12], and petitioners' motion for a temporary restraining order halting the continuation of the arbitration [DI 22]. The last of the foregoing motions is the subject of a report and recommendation by Magistrate Judge Kevin Nathaniel Fox

2

to which petitioners have objected.[1]

*Facts*

*The Arbitration*

Respondent Gulak made investments in three tenant-in-common real estate interests for which he paid on August 17, 2005. Six years and twelve days later, he commenced the subject arbitration against petitioners ("White") under the auspices of the Financial Industry Regulatory Authority ("FINRA"). White moved before the arbitrators to dismiss the claim on the ground that it was barred by FINRA Rule 12206(a), which provides in relevant part that no claim may be submitted for arbitration before FINRA "where six years have elapsed since the occurrence or event giving rise to the claim." On January 15, 2013, the arbitrators entered a document headed Pre-hearing Conference Order (the "Order") which began by listing several motions pending before it, took up the motion to dismiss under Rule 12206(a), and concluded with respect to that motion as follows:[2]

> Accordingly, and while the Panel understands that twelve days is not a huge amount of time, given the pleadings and argument, the Panel considers the twelve days enough that jurisdiction is absent. The Panel therefore grants the Respondents' motion based on eligibility (12206), with costs split evenly between the parties.
>
> The Claimant therefore is free to proceed with his case in any court of competent jurisdiction.
>
> As the Panel lacks jurisdiction, it does not decide the other motions before it, and

---

[1] For the sake of good order, the Court notes that it previously referred this case to the magistrate judge for pretrial purposes and dispositive motions. The order of reference, insofar as it referred the motions to confirm, to dismiss, and for Rule 11 sanctions, is vacated.

[2] DI 21-7, at 4-5.

removes the hearing dates from the calendar.
No document entitled "Award" or anything like it, however, was issued.

Shortly after the entry of the Order, Gulak requested reconsideration. On March 4, 2013, the panel concluded that it had jurisdiction to entertain the request. Further papers were submitted. And on April 8, 2013, the panel reversed itself, holding that Gulak's claim was eligible for arbitration.[3] In due course, it set the hearing of Gulak's claim for February 17-21, 2014 in New York.

*Prior Proceedings in this Court*

On December 17, 2013, more than eight months after the arbitrators reversed their Order and held that the claim was eligible for arbitration, White brought this action. White here contends that the Order was an award, seeks its confirmation, and contends that all of the arbitrators' actions following the Order – including their April 8, 2013 reversal of it – have been void under the doctrine of *functus officio.* It seeks also a temporary restraining order to stop the scheduled February 2014 arbitration hearing, a request that now appears to be moot.

*Discussion*

If the Order was not an "award" within the meaning of the Federal Arbitration Act ("FAA")[4] or for purposes of the common law doctrine of *functus officio,* the several motions before this Court may be disposed of quite simply: there would be no "award" to confirm, the arbitrators'

---

[3] DI 28, at 15.

[4] 9 U.S.C. § 1 *et seq.*

4

subsequent actions would not have been *functus officio*, and the petition would have to be dismissed for failure to state a claim upon which relief may be granted. That indeed proves to be the correct result.

"An arbitration award [for purposes of the FAA] is a final adjudication of a claim on the merits."[5] But the order was no such thing. Rather, it was a determination under FINRA Rule 12206(a) that Gulak's claim was not "eligible for submission to arbitration under the [FINRA] Code [of Arbitration Procedure for Customer Disputes because] six years ha[d] elapsed from the occurrence or event giving rise to the claim." Thus, it determined nothing "on the merits." It simply left the parties to their judicial remedies in light of the fact that the matter was not eligible for arbitration before FINRA.[6] Indeed, this is confirmed, though the confirmation is unnecessary, by the fact that the dismissal inherent in the Order came under FINRA Rule 12700(b), a provision of Part VII of the FINRA Code of Arbitration Procedure for Customer Disputes which is entitled "Termination of an Arbitration Before Award." The arbitrators thus acted well within their powers

---

[5] *Accenture LLP v. Spreng*, 647 F.3d 72, 77 (2d Cir. 2011) (citing *Lynne Carol Fashions, Inc. v. Cranston Print Works Co.*, 453 F.2d 1177, 1184 (3d Cir. 1972)); *accord* 2 DOMKE ON COMMERCIAL ARBITRATION § 33.3 (2014) ("To qualify as a binding award the findings of the arbitrator must be a decision on the merits of the controversy.").

[6] The question whether a final arbitral decision dismissing an action on the ground that the claim is barred by a statute of limitations, or of repose, or by a contractual time limit is an "award" is to be distinguished from that presented by this case. While the Court need not and does not decide it here, it notes that some cases have treated such decisions as awards. *See, e.g.*, *Anthony v. Affiliated Computer Servs., Inc.*, No. 12 Civ. 964 (CSH), 2014 WL 1330272 (D. Conn. Apr. 2, 2014) (confirming arbitral decision dismissing claim under statute of limitations); *Phillips v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 06 Civ. 100 (AHN), 2006 WL 3746692, at *3 (D. Conn. Dec. 15, 2006) (confirming arbitral decision dismissing claim on statute of limitations ground as an "award" and noting that dismissal under predecessor to FINRA Rule 12206(a) would not have been a decision on the merits); *Tucker v. Fireman's Fund Agribusiness, Inc.*, 365 F. Supp. 2d 821, 824 (S.D. Tex. 2005) (referring to arbitral decision "that the contractual time limit barred Petitioner's claims" as a "final award").

5

in reconsidering their eligibility decision and proceeding with the arbitration.

*Conclusion*

Accordingly, respondent's motion to dismiss [DI 9] the petition is granted. Petitioners' motions to confirm the alleged award [DI 20] and for a temporary restraining order [DI 22] are denied, the latter on the ground that it is moot.  Respondent's motion for sanctions [DI 12] is denied, as the Court – notwithstanding the brevity of this ruling – is satisfied that petitioners' position was not frivolous, and the Court is not persuaded that it was put forward for an improper purpose.

The Clerk shall enter judgment and close the case.

SO ORDERED.

Dated:	September 15, 2014

/s/   Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge